IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JOSHUA CULOTTA, #173 184 | * | |
| Petitioner, | * | |
| v. | * | 2:03-CV-686-MEF |
| | | (WO) |
| BILLY MITCHEM, *et al.*, | * | |
| Respondents. | * | |

_____

\*   \*   \*   \*   \*   \*

_____

| | | |
|---|---|---|
| JOSHUA CULOTTA, #173 184 | * | |
| Petitioner, | * | |
| v. | * | 2:03-CV-862-MEF |
| | | (WO) |
| BILLY MITCHEM, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on June 30, 2003, by Petitioner Joshua Culotta ("Culotta"). On February 12, 2001 a

jury in the Circuit Court for Montgomery County, Alabama, convicted Culotta of *theft of property in the first degree*. The trial court sentenced him on March 1, 2001, as a habitual offender, to thirty years' imprisonment. (Doc. No. 7, Civil Action No. 2:03-CV-862-MEF ["no. 03-862"], Exh. 1.)

On appeal of his conviction and sentence, Culotta argued that by limiting his cross-examination of the victim with respect to whether the victim wanted to prosecute him, the trial court prevented him from challenging the sufficiency of the evidence against him. The Alabama Court of Criminal Appeals affirmed the conviction and sentence on December 14, 2001, and entered a certificate of judgment on January 2, 2002. (Doc. No. 7, no. 03-862, Exhs. 2-6.)

Culotta filed a *Rule 32* petition on September 26, 2002, in which he argued that he received ineffective assistance of counsel because (1) counsel did not properly cross-examine the victim regarding the value of the stolen property; (2) counsel failed to make a motion for acquittal based on the State's failure to prove the value of the stolen property; (3) counsel failed to point out to the jury during closing arguments that the State failed to prove the value of the stolen property and that the victim had given inconsistent statements concerning the value of the stolen property; (4) counsel failed to ask the trial court for a jury instruction on second and third degree theft of property; and (5) counsel failed to object to the trial court's failure to give a jury instruction on second and third degree theft of property. By order

2

signed November 5, 2002, the state court denied the petition. (Doc. No. 7, no. 03-862, Exh. 7.)

On appeal from the unsuccessful Rule 32 petition, Culotta presented the same claims regarding trial counsel's performance as he presented in his post-conviction petition. The Alabama Court of Criminal Appeals affirmed the lower court's decision on March 14, 2003, denied Culotta's application for rehearing on April 18, 2003, and issued a certificate of judgment on May 6, 2003. (Doc. No. 7, no. 03-862, Exhs. 8-13.)

In Civil Action No. 2:03-CV-686-MEF ["no. 03-686"], filed in this court on June 30, 2003, Culotta presents a single claim for review – ineffectiveness of trial counsel for his failure to seek a lesser sentence. On August 12, 2003, Culotta also filed here Civil Action No. 03-862, in which he sought to challenge the same conviction and sentence he challenged in Civil Action 03-686. Accordingly, on January 9, 2004 the court consolidated the two petitions. In the latter-filed action, Culotta attributes to trial counsel two additional "ineffectiveness" claims. Specifically, Culotta argues that trial counsel 1) failed to request that the court produce evidence to support the charge against him, and 2) failed to inform the court of the victim's wish not to pursue the charges.

In an amended petition filed on September 8, 2003 Culotta presented the following additional claims for relief:

1. The trial court erred in allowing him to be indicted, convicted, and/or sentenced on a conviction for first degree theft of property where the State failed to establish the true value of the stolen property;

2. He was denied a preliminary hearing following his arrest; and

3. The trial court erred when it used a prior juvenile conviction to enhance his sentence.

(Doc. No. 6, no. 03-862.)

Respondents filed an answer and supplemental answers to the petition in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. They contend that the claims presented by Culotta in his habeas corpus applications filed on June 20, 2003 (no. 03-686) and August 12, 2003 (no. 03-862) are due to be denied because these claims are procedurally defaulted. Claims presented in the amended petition filed on September 8, 2003 ( Doc. No. 6, no. 03-862) are barred, Respondents maintain, by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). To the extent the allegation of trial court error therein presented relates back to his timely filed claims, Respondents argue that the issue is defaulted because it was not raised in accordance with the state's procedural rules. (*See* Doc. No. 15, no. 03-686 and Doc. Nos. 7, 9 & 19, no. 03-862.)

Culotta took advantage of the opportunity granted to respond to the Respondents' contentions. (*See* Doc. Nos. 13, 19, no. 03-686; *see also* Doc. Nos. 10, 12, no. 03-862.) After

deliberating on the § 2254 petition, Respondents' answers, and Culotta's responses, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

*A.     Procedural Default*

Respondents assert that Culotta has procedurally defaulted his claims that (1) the trial court erred in allowing him to be indicted, convicted, and/or sentenced for first degree theft of property based on insufficient evidence,[1] and (2) trial counsel performed deficiently when he failed to seek a reduced sentence, failed to request the trial court to produce evidence sufficient to support the theft charge, and failed to inform the trial court that the victim did not wish to prosecute.[2]  In support of their default argument, Respondents maintain that these claims were not presented to the state courts in accordance with the State's procedural rules either because they are raised for the first time in the instant petition or because they were not exhausted properly in accordance with the State's procedural rules. *See Teague*

---

[1] The court concludes that Culotta's allegation of trial court error based on insufficient evidence, which he presented in his September 8, 2003 amended petition, relates back to his timely filed claims, and therefore, the claim is addressed in this context.

[2] Notwithstanding the procedural default with regard to his allegation of trial attorney error over the victim's reluctance to prosecute the case, in responses filed on August 27, 2004 and December 21, 2005, Culotta concedes that the claim is without merit. (*See* no. 03-686 - Doc. No. 13, pg. 4 and Doc. No. 19 pg. 2.)

5

*v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988); *see also O'Sullivan v. Boerckel*, 526 U. S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). As a result, the claims are now barred from review in the instant action. To the extent that Culotta's allegation of trial court error is essentially a challenge to the sufficiency of the evidence used to convict him, the Alabama Court of Criminal Appeals addressed such claim on direct appeal. Culotta did not, however, subsequently file a petition for writ of certiorari and, thus, failed to exhaust and preserve this claim for federal habeas review. *O'Sullivan*, 526 U.S. 838.

This court may reach the merits of Petitioner's procedurally defaulted claims only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

The court afforded Culotta an opportunity to demonstrate the existence of cause for his failure to raise his claims in the state courts properly and prejudice resulting from this failure. In an effort to meet his burden of establishing cause and prejudice or a miscarriage of justice, Culotta maintains that he is ignorant of the law, that he had limited access to the law library due to his confinement on administrative segregation, that he lacked counsel during post-conviction proceedings, and that trial counsel failed to properly inform him about

state remedies and procedures regarding appeal of his conviction and sentence. (Doc. No. 19, no. 03-686; Doc . No. 13, no. 03-862.).

Based on these assertions of cause, the court required Respondents to file a supplemental answer addressing Petitioner's claim that trial counsel's conduct caused the default. In their supplemental answer (Doc. No. 9, no. 03-686), Respondents argue that this claim itself is procedurally defaulted because Culotta failed to present it to the state courts in compliance with requisite state procedural rules.

Ineffective assistance of counsel will excuse a procedural default if the ineffective assistance claim itself is independently and properly raised. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992). Culotta, however, failed to raise his claim of ineffective assistance of counsel in the state courts in accordance with state procedural rules. Unless Culotta can satisfy the *cause and prejudice* standard for his procedurally defaulted ineffective assistance of counsel claim, this claim cannot serve as cause for other procedurally defaulted claims. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996).

In order for a habeas petitioner to demonstrate cause for his defaults, he must establish that an objective impediment, not of his own making, denied him the opportunity of properly presenting his claims to the state courts. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Culotta has presented nothing to this court which establishes cause for his failure to raise the claim of ineffective assistance of counsel independently and properly in the state

courts. Thus, this claim cannot constitute cause necessary to excuse Petitioner's procedural defaults on his substantive claims for relief.[3]

Similarly unavailing are Culotta's other assertions of *cause* – that he lacks sufficient knowledge of the law, that he had limited access to the law library and/or legal materials, and that he did not have counsel to assist him during his Rule 32 proceedings. As noted, to establish cause excusing a procedural default, a petitioner must demonstrate that the default resulted from some objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct, *Murray*, 477 U.S. at 488, or that the defaulted claim raised an issue intrinsically beyond a *pro se* petitioner's ability to present. *Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (petitioner's argument that his status as a *pro se* litigant established cause for his procedural default unpersuasive). Culotta's remaining assertions of cause do not excuse his procedural default because these alleged impediments are not objective factors external to Petitioner within the meaning of *Murray v. Carrier*, *supra*. Culotta's contention that he did not have the assistance of counsel during his Rule 32 proceedings likewise fails to establish cause to

---

[3]Even if Petitioner had not defaulted the claim, this particular challenge to trial counsel's performance is without merit. The State of Alabama authorizes appointment of counsel for a convicted defendant who files a first appeal as of right following his conviction. *See Johnson v. State*, 584 So.2d881, 883 (Ala. Crim. App. 1991). This right to appointed counsel, however, is not further extended for a defendant who seeks either discretionary review in the Supreme Court of Alabama or a writ of certiorari in the United States Supreme Court. *Ross v. Moffit*, 417 U.S. 600, 610-12, 615-18 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) ("a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or application for review in the [United States Supreme] Court."); *see also Cunningham v. State*, 611 So.2d 510, 511 (Ala. Crim. App. 1992).

excuse his default as the Sixth Amendment does not entitle a petitioner to assistance of counsel during post-conviction proceedings.  *See  Coleman*, 501 U.S. 722.

Even though Culotta has failed to establish cause for his default,  the court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice.  The miscarriage of justice  standard  is directly linked to innocence.  *Schlup*, 513 U.S. at 321.  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray*, 477 U.S. at 496).  To meet this standard, a petitioner "must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'"  *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Culotta presents no evidence nor suggests that any exists which demonstrates the requisite showing of actual innocence. Thus, his procedurally defaulted claims are foreclosed from federal habeas review.

## B. *Statute of Limitations*

Respondents argue that Culotta's claims that he was denied a post-arrest preliminary hearing and that the trial court improperly used a juvenile adjudication to enhance his sentence are barred from review by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[4] (Doc. No. 6, no.03-862.). Because Culotta's

---

[4] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

conviction became final on January 2, 2002 -- **after** the effective date of the statute of limitations – Respondents argue that any amendment to his § 2254 petition should have been filed within a year after the finality of his conviction, exclusive of the pendency in state court of any properly filed post-conviction petition.[5] Respondents also maintain that these two claims do not "relate back" to Culotta's timely filed claims because they do not arise out of the same set of facts and, instead, arise from conduct and occurrences which are distinct in character and time. *See* Fed.R.Civ.P. Rule 15(c)(2) ("[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.").[6]

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1). Respondents

---

[5] Based on Respondents' argument, the court entered an order advising Culotta that he had failed to file the amendment to his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 11, no. 03-862.) The order also gave Culotta an opportunity to show cause why the claims raised in his amended petition should not be barred from review by this court. (*Id*.) Culotta filed his response to this order on October 22, 2003. (Doc. No. 13, no. 03-862.)

[6] S*ee generally Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002) ("for an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings," . . . and must "arise[] from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence, in "both time and type.") (citations omitted); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (same); *United States v. Pittman,* 209 F.3d 314, 318 (4th Cir. 2000) (same); *United States v. Duffus,* 174 F.3d 333, 337 (3rd Cir. 1999) (same); *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999) (same). *See also Davis v. United States,* 417 U.S. 333, 344 (1974) ("[T]here can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal *habeas corpus* statute.") The 1996 amendments to the habeas corpus statutes added a one-year period of limitation to both § 2254 and § 2255. *See* 28 U.S.C. 2244(d)(1) and 28 U.S.C. § 2255. Thus, with regard at least to the timeliness of motions for leave to amend, the two statutes remain equivalent and this Circuit's application of Fed.R.Civ.P. 15(c) to § 2255 petitions is persuasive, therefore, in the § 2254 context as well.

11

maintain that the claims raised in Culotta's amended habeas petition are time-barred because they were not filed within the one-year "grace period" allowed under applicable case law and do not relate back to the claims raised in his original petitions.  Because Culotta's conviction became final after the effective date of the statute of limitations and because the claims in the amended petition do not relate back to the claims raised in the original petition, Petitioner must have filed the amendment to his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

Respondents acknowledge that Culotta filed a Rule 32 petition with the trial court on September 26, 2002.  They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Culotta filing the amendment to his federal habeas petition. (Doc. No. 9, 03-862); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333, 1335 n.4 (11th Cir. 2001).  Respondents, therefore, argue that claims presented in Culotta's amended habeas petition are time-barred under Section 2244(d)(1)(A). *Id.*

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires.  On December 14, 2001 the Alabama Court of Criminal Appeals affirmed Culotta's direct appeal of his conviction and sentence.  Because Culotta did not file an application for rehearing, the time for seeking direct review of his 2001 conviction lapsed upon expiration of the time for filing the rehearing application -- fourteen (14) days from the denial of his direct appeal. Rule 40, *Alabama Rules of Appellate*

*Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166 (2001). The Alabama Court of Criminal Appeals entered a certificate of judgment on January 2, 2002.[7] Consequently, Culotta's theft of property conviction became final on January 2, 2002 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The court finds that the limitation period ran for 267 days after Culotta's conviction became final until the filing of his Rule 32 petition in the trial court on September 26, 2002. This petition remained pending in the state courts until May 6, 2003, upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals affirming the denial of the post-conviction petition. Consequently, when Culotta filed his amended petition on September 8, 2003, the limitation period ran an additional 125 days prior to this filing. The limitation period expired, therefore, before Culotta amended his application for federal habeas relief. S*ee Tinker*, 255 F.3d at 1333, 1335. n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Because the claims raised in the amended petition regarding the denial of a preliminary hearing and the improper sentence

---

[7]Where further action is not undertaken upon initial action by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

13

enhancement do not "relate back" to the claims presented in the original petition, *see Pruitt v. United States*, 274 F.3d 1315, 1319-20 (11th Cir. 2001), they are time-barred.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute when "extraordinary circumstances" are present. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Affording a generous interpretation to Culotta's October 22, 2003 response to Respondents' limitations argument, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court understands him to argue that his lack of legal knowledge and/or ability to access legal materials denied him the opportunity to file his petition timely. (Doc. No. 13, no. 03-862.) Ignorance of the law, however, is an insufficient ground on which to toll the limitation period. *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law). While "[e]quitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001), *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002), "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*

14

The claims presented in the amended petition are not based on a newly recognized constitutional right, and the factual predicates of the claims were readily available to Culotta at the time of his conviction and sentence. Culotta presents no circumstances which occurred immediately before or during the grace period that prevented his timely filing of the amended petition. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights.") (citation omitted).

In sum, the court finds no basis upon which to extend the one-year deadline and that Culotta has not demonstrated that the claims presented in the amended petition should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Joshua Culotta be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 8, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of February 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE